**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **BRANDON PINKSTON,** | ) | |
| **On behalf of himself and** | ) | |
| **all others similarly situated,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. 11-CV-2498** |
| **WHEATLAND ENTERPRISES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

On August 31, 2011, Plaintiff Brandon Pinkston, on behalf of himself and all others similarly situated, filed a complaint against Defendant Wheatland Enterprises, Inc, which had employed him as a driver for its private car service.  In Count I, Plaintiff alleges that Defendant failed to pay him and other drivers the minimum wage and overtime premiums they were due, in violation of § 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.  In Count II, Plaintiff alleges that Defendant failed to properly pay him and other drivers for all hours worked, failed to properly pay him and other drivers for overtime, and failed to keep accurate records of all hours worked by employees, in violation of Mo. Rev. Stat. § 290.500, *et seq.*  Finally, in Count III, Plaintiff alleges that Defendant failed to properly pay him and other drivers by inappropriately deducting certain expenses from their compensation, in violation of the Kansas Wage Payment Act (KWPA), K.S.A. § 44-314, and that Defendant has a policy and practice of failing to compensate and inappropriately deducting monies from their compensation in violation of K.S.A. § 44-319(a).

On August 10, 2012, Defendant filed a Motion for Conditional Class Certification of Class Claims under § 216(b) of the FLSA (Doc. 29), seeking conditional certification of a class for Plaintiff's Count I.  The motion is fully briefed and the Court is prepared to rule.  As described more fully below, the Court grants Plaintiff's motion for conditional certification in part and denies it in part.

## I.  Legal Standards

An action under the FLSA may be brought "against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."[1] Unlike a class action under Federal Rule of Civil Procedure 23, to participate in an FLSA collective action, all plaintiffs must "give[ their] consent in writing to become such a party," and it must be "filed in the court in which such action is brought."[2]

Before notice is sent to putative plaintiffs to inform them of the pending action, the action must be conditionally certified as a collective action.  The court may certify an opt-in collective action so long as the aggrieved employees are similarly situated.[3]  Section 216(b) does not define "similarly situated."  The Tenth Circuit has approved an *ad hoc* case-by-case basis for determining whether employees are "similarly situated" for purposes of § 216(b).[4]  This involves a two-step inquiry.[5]  The first step occurs at the "notice stage" of the proceedings.  Here, the court determines if certification is proper for purposes of sending notice of the action to potential collective action members.[6]  At this stage, the court "requires nothing more than substantial

---

[1] 29 U.S.C. § 216(b).
[2] *Id.*
[3] *See id.*
[4] *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001).
[5] *Id.* at 1105.
[6] *Id.* at 1102.

allegations that the putative class members were together the victims of a single decision, policy or plan."[7]  This standard is very lenient and typically results in conditional certification.[8]

After discovery is complete, defendant may file a motion to decertify, and the court then applies a stricter standard to assure that plaintiffs are actually similarly situated.[9]  During this second stage, the court reviews a number of factors, including "(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; (3) fairness and procedural considerations; and (4) whether plaintiffs made the filings required [] before instituting suit."[10]  In this case, the Court is considering only the conditional certification question.

## II.    Background

Consistent with the standard articulated above, the following facts are based on the allegations in Plaintiff's Complaint as supplemented by certain evidence submitted by Plaintiff. Plaintiff alleges that Defendant employed him as a Driver.  Plaintiff Glenn Lickteig, a similarly situated Driver employed by Defendant, filed his consent to join this case on September 7, 2011.[11]  Defendant is a Kansas Corporation doing business in the State of Kansas and has employed approximately 140 other Drivers during the statutory period, who work out of its business locations in Kansas and Missouri.  Defendant operates under two trade names, Overland Limousine, and Plaza Limousine, and provides chauffeured transportation to clients in the Kansas City metropolitan area.  Drivers are responsible for traveling to the client, picking

---

[7]*Id.* (internal alterations omitted); *Gieseke v. First Horizon Home Loan, Corp.*, 408 F. Supp. 2d 1164, 1166 (D. Kan. 2006) (citations omitted).

[8]*Thiessen*, 267 F.3d at 1103*; Renfro v. Spartan Computer Servs., Inc.*, 243 F.R.D. 431, 432 (D. Kan. 2007).

[9]*Thiessen*, 267 F.3d at 1102–03.

[10]*Id.* at 1103; *Garcia v. Tyson Foods, Inc.*, No. 06-2198-JWL, 2009 WL 352603, at *4 (D. Kan. Feb. 12, 2009).

[11]Doc. 3.

them up, greeting them, and safely transporting them.  Drivers also assist with client luggage and maintaining the vehicles in a clean and tidy fashion.  Occasionally, drivers transport the vehicles for service and vehicle maintenance.  Drivers are paid based on the job, with a minimum two paid hours, and they are paid for additional hours if the trip, from client pick up to drop off, takes longer than two hours.  Drivers also receive a pre-negotiated and pre-agreed upon gratuity.  The pre-negotiated gratuity was, until recently, subject to reduction to pay credit card processing fees, to pay for drivers' use of company cell phones, for lost or damaged company property, or for disciplinary reasons.  Drivers' compensation is further subject to reduction to pay for Defendant to conduct drug tests and/or background checks.

Before drivers pick up the client, they are expected to travel to the Defendant's plaza location to inspect, clean and prepare their vehicle for the route, then drive to the client pickup site.  Drivers are not paid for the time spent inspecting, cleaning and preparing the vehicle. Drivers will be disciplined for not keeping their vehicles in a clean condition.  Drivers are expected to arrive at the client location at least 10-15 minutes prior to the scheduled pick up time.  If a driver is unfamiliar with the client's location, he or she may be expected to perform a "dry run" to make sure that he or she knows the best way to get the client to their destination.  After taking a client to the drop off location, the driver then returns the vehicle to the plaza location, and again cleans the vehicle and performs other uncompensated job duties, including completing paperwork related to the trip.  Drivers are paid a sub-minimum wage base rate of between $5.50 and slightly more than $7.00 per hour.

Defendant does not pay its drivers based on their actual work times, but rather pays

Drivers based upon the jobs performed. Drivers are often required to wait between jobs. For example, Drivers often have to wait for clients at the airport between a drop off and a pick up. Drivers are not compensated for this time while waiting for customers between drop off and pick up. Drivers do not clock in and out, and Defendant does not track Drivers' actual work times. If a Driver works over 40 hours in a workweek he or she is not paid overtime premiums for such hours worked in excess of forty in the workweek. However, Defendant is unaware that any Driver has worked more than 40 hours in a workweek because it does not track drivers' actual work times.

All drivers are paid in the same manner and pursuant to the same compensation policies, practices and/or procedures. Drivers' compensation structure has not changed in the past three years, except that Defendant no longer reduces Drivers' pre-negotiated gratuity for credit card fees. All drivers have the same job duties and responsibilities.

## III.   Analysis

Plaintiff seeks conditional certification of a class composed of:

> All current and former drivers of Defendant who performed pre-
> and/or post- shift work without compensation at any time during the
> last three years, and/or were not fully compensated at the applicable
> wage rates for all work performed.[12]

Defendant argues that Pinkston and Lickteig's "identical self-serving affidavits" contain only a conclusory allegation that it was Defendant's policy, practice and procedure to refuse to pay drivers for all time worked, and that these allegations thus do not meet the "substantial" requirements for conditional certification of an FLSA claim. But Plaintiff supports these allegations by reference to copies of company policies and a 30(b)(6) deposition with Diane

---

[12]Doc. 1 at 7.

Forgy, who owns Wheatland.  During the deposition, Forgy agreed that nothing distinguishes how one driver is paid from another driver and that all the drivers are paid generally pursuant to the same compensation policies.[13]  She further agreed that drivers' job duties do not differ from individual to individual and that they are generally consistent for all drivers.[14]  Forgy also clarified several of Defendant's policies, verifying that they are substantially as alleged by Plaintiffs (e.g. drivers assist maintaining the vehicles,[15] drivers are not paid for the time spent inspecting, cleaning and preparing the vehicle,[16] drivers are expected to arrive at the client location at least 10-15 minutes prior to the scheduled pick up time,[17] drivers are paid a sub-minimum wage base rate of between $5.50 and slightly more than $7.00 per hour,[18] drivers to not clock in and out, and Defendant does not track Drivers' actual work times,[19] etc.).  This additional support ensures that Plaintiff has "provide[d] more than his own speculative allegations, standing alone."[20]  Thus Plaintiff has met his burden of making a "substantial allegation[] that the putative class members were together the victims of a single decision, policy or plan."

Finally, Defendant argues that Plaintiff must "proffer some evidence that other similarly situated individuals desire to opt-in to the litigation,"[21] but no court in this district has embraced that position.  Absent a compelling argument why this Court should divert from the practice in

---

[13]Doc. 37 at 95.
[14]*Id.*
[15]*Id.* at 44.
[16]*Id.* at 44, 68–69.
[17]*Id.* at 33.
[18]*Id.* at 45
[19]*Id.* at 80, 85.
[20]*Stubbs v. McDonald's Corp.*, 227 F.R.D. 661, 666 (D. Kan. 2004).
[21]*Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159, 1165 (D. Minn. 2007).

this district, the Court declines to do so.[22]

Because the Court is granting conditional certification, it must also address some of the issues related to notice.  In addition to his first request, for conditional certification, Plaintiff also requests:

> 2) an Order authorizing notice to be mailed to a class composed of all Drivers and other persons with similar job duties and compensation structures, employed by Wheatland Enterprises, Inc. ("Defendant") within three years from the date of certification, to the present, who were not paid all minimum wages and overtime compensation due and owing; 3) an Order requiring Defendant to provide Plaintiffs within 10 days of the Court's Order; a list in electronic and importable format (such as Microsoft Excel), of the first and last names, last-known addresses, telephone numbers, last four digits of the individual's social security number and date of birth of all members of the putative class, in order to assist with the issuance of class notice; 4) an Order requiring Defendant to post Notice of this lawsuit in conspicuous locations where it employs its Drivers, and others with similar job duties and subject to similar compensation policies; 5) an Order tolling the statute of limitations from the date of the filing of Plaintiff's Motion for Conditional Class Certification ("P's MCCC") until the close of the opt-in period; 6) an Order designating Brandon Pinkston as Class Representative; and 7) an Order approving Plaintiff's counsel to act as Class Counsel in this matter.[23]

Defendant objects to the proposed notice and requests that the Court allow the parties a reasonable time to meet and confer in an attempt to agree on a joint notice.  As Defendant suggests, this is the typical procedure utilized in this Court, and the Court sees no reason to deviate from it.  Thus the Court will deny Plaintiff's second request at this time.  The Court will order the parties to meet and confer concerning the form and substance of a proposed notice, and the parties are directed to submit a joint proposed notice within 14 days of the date of this order.

---

[22]McCaffrey v. Mortgage Sources, Corp., No. 08-2660-KHV, 2009 WL 2778085 at *4 (D. Kan. Aug. 27, 2009).

[23]Doc. 30 at 3.

Plaintiff may renew his request to distribute the notice at that time.

Defendant notes that it has already provided Plaintiff with the names and addresses requested above, but does not note the format in which it provided the names. Defendant also objects to providing drivers' telephone numbers, dates of birth and the last four digits of their social security numbers. As a general matter, courts in this district allow Plaintiffs' attorneys to contact potential class members to verify their contact information. The Court notes Defendant's concern that Plaintiff's counsel not solicit business over the phone; Plaintiff's counsel may contact potential class members, and Defendant must provide the telephone numbers in their possession, but Plaintiff's counsel is instructed to use the phone contacts only to verify contact information and to verify receipt of notice. As to the dates of birth and the social security numbers, "[m]ost courts addressing the issue have applied a balancing test of the conflicting interests. In general, courts apply a balancing test weighing the plaintiffs' need for social security numbers to facilitate notification of the FLSA action against the privacy interests of the putative class members."[24]   Here, Plaintiff has not yet shown a need for this information; if Plaintiff finds that he is unable to locate potential class members using names, telephone numbers, and addresses, he may make an appropriate motion detailing the need for the more private information.[25]   Thus the Court orders Defendant to provide Plaintiff, within 10 days of the Court's Order, a list in electronic and importable format (such as Microsoft Excel), of the first and last names, last-known addresses, and telephone numbers of all members of the putative class, in order to assist with the issuance of class notice.

Defendant objects to Plaintiff's request that Defendant post notice of this lawsuit in the

---

[24]*Gieseke v. First Horizon Home Loan Corp.*, No. 04-2511-CM-GLR, 2007 WL 445202, at *4 (D. Kan. Feb.7, 2007); *see Allen v. Mill-Tel, Inc.*, No. 11-1143-EFM-KGS, 2012 WL 2872160, at *8 (D. Kan. July 12, 2012).
[25]*Allen*, 2012 WL 2872160, at *8.

workplace, arguing that posting is cumulative, overreaching, and likely to cause confusion among Defendant's employees.  But posting two copies of the notice in a conspicuous location, likely to be seen by current drivers, is not burdensome, and the cumulative or overreaching nature of the posting is outweighed by the benefits of posting in ensuring that potential class members receive the necessary notice.  Any confusion can be mitigated through the langauge in the notice.  Thus, the Court orders that, once the form for the notice is established, Defendant post two copies of the notice in a conspicuous location, likely to be seen by current drivers, within 5 days.

Defendant does not oppose Plaintiff's fifth, sixth, and seventh requests.  Plaintiff's fifth, sixth, and seventh requests are reasonable and in accord with the relief that this Court has granted in other cases granting conditional certification.  The Court therefore grants Plaintiff's requests.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Conditional Class Certification of Class Claims under § 216(b) of the FLSA (Doc. 29) is granted in part and denied in part.  The Court grants the motion for conditional certification.

**IT IS FURTHER ORDERED** that the parties will meet and confer concerning the form and substance of a proposed notice, and the parties will submit a joint proposed notice within 14 days of the date of this order.

**IT IS FURTHER ORDERED** that Defendant will provide Plaintiff, within 10 days of the Court's Order, a list in electronic and importable format (such as Microsoft Excel), of the first and last names, last-known addresses, and telephone numbers of all members of the putative class, in order to assist with the issuance of class notice.

9

**IT IS FURTHER ORDERED** that, once the form for the notice is established, Defendant will post two copies of the notice in a conspicuous location, likely to be seen by current drivers, within 5 days.

**IT IS FURTHER ORDERED** that the statute of limitations be tolled from the date of the filing of Plaintiff's Motion for Conditional Class Certification ("P's MCCC") until the close of the opt-in period.

**IT IS FURTHER ORDERED** that Brandon Pinkston is designated as Class Representative.

**IT IS FURTHER ORDERED** that Plaintiff's counsel is approved to act as Class Counsel in this matter.

**IT IS SO ORDERED.**

Dated: <u>March 22, 2013</u>

<u> S/ Julie A. Robinson </u>

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE